### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JEREMIAH JACKSON,                          CASE NO. 2:22-cv-10161

     *Plaintiff*,                         HON. SEAN F. COX
*v.*                                       DISTRICT JUDGE

JULIANA MARTINO,                           HON. PATRICIA T. MORRIS
EMILY NGUYEN,                              MAGISTRATE JUDGE
ERIN PARR-MIRZA,
HAROLD OBIAKAR,
TERI JOHNSON,
VEALT,
ITAO,
JEFFERSON,
and
JOHN DOE 4-5,

     *Defendants*.
_____/

## REPORT AND RECOMMENDATION TO DISMISS JOHN DOE DEFENDANTS

### I.    RECOMMENDATION

For the following reasons, **I RECOMMEND** that this Court **DISMISS** the remaining two unidentified John Doe Defendants.

### II.    REPORT

#### A.  Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. On January 3, 2022, Plaintiff filed a complaint in the Western District of Michigan alleging

1

violations of the Eighth Amendment related to his medical care while housed at the Macomb Correctional Facility ("MRF") in Lenox, Michigan.  On January 26, 2022, the case was transferred to this Court.  (ECF No. 1).  On May 17, 2022, the undersigned ordered Plaintiff to identify "any John or Jane Doe Defendants for service of process purposes." (ECF No. 20, PageID.47).  Plaintiff was warned that the failure to identify the unnamed Defendants by June 24, 2022 would result in a Report and Recommendation ("R&R") recommending that those Defendants be dismissed.  (*Id*. at PageID.48).

On June 6, 2022, Plaintiff responded to the order, naming three additional Defendants: (1) Officer Vealt (2) Officer Itao, and (3) Officer Jefferson.  (ECF No. 31, PageID.127-128).  Although the Complaint listed five unidentified Defendants, Plaintiff's response named only these Defendants.  (*Id*.).  Plaintiff requested that the fourth unidentified Defendant be dismissed without prejudice.  (*Id*. at PageID.128).  He made no mention of the fifth unidentified individual listed in the Complaint.

## B.  Analysis

Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff

shows good cause for the failure, the court must extend the time for service for an appropriate period."

Plaintiff has not identified the fourth and fifth Doe Defendants within the 90-day period provided for in Rule 4(m) or the extension of time granted by the undersigned. (ECF No. 20). While Plaintiff identified three of five previously unknown individuals and asked for dismissal of the fourth, he has not identified the fifth individual and the time doing so has now passed. *See Cross v. Carmona*, 15-cv-14254, 2018 WL 1535393, at *4 (E.D. Mich. March 29, 2018); *Ward v. Corizon Health, Inc.*, 15-cv-11902, 2016 WL 422493, at *8 (E.D. Mich. July 12, 2016); *Cary v. Mox*, 17-cv-12862, 2018 WL 4402939, *10 (E.D. Mich. Aug. 14, 2018).

For these reasons, **I RECOMMEND** that this Court **DISMISS** the remaining two unidentified John Doe Defendants.

## III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States*

*v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this R&R to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 5, 2022                                          S/ PATRICIA T. MORRIS
                                                                      Patricia T. Morris
                                                                      United States Magistrate Judge