**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| JEREMIAH JACKSON, | CASE NO. 2:22-cv-10161 |
| *Plaintiff,* | HON. SEAN F. COX |
| v. | DISTRICT JUDGE |
| JULIANA MARTINO, | HON. PATRICIA T. MORRIS |
| EMILY NGUYEN, | MAGISTRATE JUDGE |
| ERIN PARR-MIRZA, | |
| DR. HAROLD OBIAKAR, | |
| TERI JOHNSON, | |
| VEALT, | |
| TAO, and | |
| JEFFERSON, | |
| *Defendants.* | |
| _____/ | |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS JOHNSON, NGUYEN, AND PARR-MIRZA'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT (ECF No. 27) BASED ON PLAINTIFF'S FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES BEFORE FILING SUIT**

**I.   RECOMMENDATION**

For the following reasons, **I RECOMMEND** that the Court **GRANT** Defendants Teri Johnson, Emily Nguyen, and Erin Parr-Mirza's June 9, 2022 Motion to Dismiss and for Summary Judgment on the Basis of Exhaustion, dismissing all claims against them **WITHOUT PREJUDICE** based on Plaintiff's failure to exhaust his administrative remedies before filing suit. (ECF No. 27).

II. **REPORT**

A. Introduction

This is a prisoner civil rights case brought under 42 U.S.C. § 1983. On January 3, 2022, Plaintiff filed a complaint in the Western District of Michigan alleging violations of the Eighth Amendment related to his medical care while housed at the Macomb Correctional Facility ("MRF") in Lenox, Michigan. On January 26, 2022, the case was transferred to this Court. (ECF No. 1).

Plaintiff makes the following allegations. In "early" 2020 while incarcerated at MRF, he underwent a hip replacement. (ECF No. 1, PageID.4). Directly following the replacement surgery, he received a "medical detail" for a bottom bunk, limited mobility, air mattress, special shoes, and a cane. (*Id*.). However, upon being sent back to MRF, Defendant medical staff failed to provide adequate treatment for pain and denied him special shoes/shoe inserts, an air mattress, and placement in MRF's handicap unit. (*Id*. at PageID.5). Between April 2020 and January 2021, he sent a total of 13 kites regarding his lack of medical care and/or prescribed medical detail but was either "placed on the waiting list" or told that "nothing could be done for [him]." (*Id*.).

Plaintiff states that on June 12, 2020, he submitted a Step I grievance complaining that since returning to MRF following surgery, he had not received any follow-up treatment. (*Id*. at PageID.6). In the same grievance he requested handicap accommodations. (*Id*.). He states that the grievance was denied at Steps I through III of the MDOC grievance procedure. (*Id*.). On January 25, 2021, he submitted a second

grievance complaining that a prescribed air mattress was removed from his cell "almost 30 days before" his medical detail was to expire. (*Id*.). Plaintiff seeks monetary damages.

### B. Summary Judgment Standard

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a). In reviewing the motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

§ 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not ... 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the

evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### C. Exhaustion Under the PLRA

Under the Prison Litigation Reform Act ("PLRA") of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.* at 90.

MDOC Policy Directive ("P.D.") 03.02.130, effective March 18, 2019, prescribes the three-step administrative exhaustion process for grievable matters. At Step I, a prisoner must "attempt to resolve the issue with the staff member involved within two business days" and, if unsuccessful, must file a grievance within five business days. *Id.* at ¶ Q. If the inmate is dissatisfied with the disposition of the grievance, or does not receive a response ten days after the due date, he or she may file a Step II grievance using the appropriate form. *Id.* at ¶ DD. Similarly, if the inmate is dissatisfied with the Step II response or does not receive a response for ten days after the response was due, he or she may file a Step III grievance. *Id.* at ¶ HH.

To be properly exhausted, a defendant must be named at Step I. P.D. 03.02.130, ¶ S provides:

> The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included.

(underscore in original).

### D. Analysis

Present Defendants argue that Plaintiff failed to exhaust his administrative remedies against them, noting that his one, fully exhausted grievance does not name any of them at Step I.[1] (ECF No. 27, PageID.94) *citing* (ECF No. 27-3, PageID.112); Grievance Identifier MRF 2006-1156-27z.

Plaintiff's June 1, 2020 Step I submission to Grievance Identifier MRF 20-06-1156-27Z ("MRF-1156") states that he sent multiple kites to MRF's medical staff seeking treatment and accommodations for ongoing symptoms following the hip replacement. (ECF No. 27-3, PageID.112). While the Step I submission names one other defendant to the suit who is not a party to this motion, none of the present Defendants – Johnson, Nguyen, or Parr-Mirza— are named. Plaintiff has thus failed to include the "who" of the "who, what, when, where, why" requirements for a Step I grievance. *See* MDOC P.D.

---

[1] The undersigned declines to consider Defendants' additional argument that the claims against them should be dismissed under Fed. R. Civ. P. 12(b)(6). (ECF No. 27, PageID.85). On August 3, 2022 (after the current motion was fully briefed) Plaintiff filed a motion for leave to amend his complaint. (ECF No. 43). The proposed amended complaint appears to develop his factual allegations against all of the named Defendants, but does not challenge the present Defendants' position that the claims against them are unexhausted. Because the claims against the present Defendants are dismissible on the basis of exhaustion, the fact that the proposed amended complaint *could* survive a Rule 12(b)(6) motion is of no import.

03.02.130, ¶ S, *above* (a Step I grievance submission must include "[d]ates, times, places, and names of all those involved in the issue being grieved . . .").

Plaintiff does not dispute that he failed to name any of the present Defendants at Step I of MRF-1156. Instead, he appears to argue that his Step I submission nonetheless placed Nguyen and Parr-Mirza "on notice" that he was not receiving follow up treatment or adequate pain management. (ECF No. 33, PageID.132). He faults Nguyen and Parr-Mirza for failing to address his medical needs in response to the Step I grievance.[2] (*Id*. at PageID.133).

Plaintiff's argument that Defendants Nguyen and Parr-Mirza's awareness of the claims contained in MRF-1156 constituted *de facto* exhaustion against them is not well taken. While Defendant Nguyen responded to the Step I grievance and Defendant Parr-Mirza reviewed the Step I grievance, the response and review of the grievance did not serve to place them on notice that they were the subject of a grievance. (ECF No. 27-3, PageID.115). A defendant is "properly dismissed" based on the failure to exhaust where his or her "only involvement was the denial of the appeal of the grievance." *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). "The denial of the grievance is not the same as the denial of a request to receive medical care." *Id.*. Nguyen's role as a responder to the grievance and Parr-Mirza's involvement as the Step I grievance reviewer does not support the conclusion that their conduct was the subject matter of the grievance, much less place

---

[2] While Plaintiff argues that his Step I submission in MRF-1156 placed Defendants Nguyen and Parr-Mirza "on notice" of his complaints, he does not make the same argument as Defendant Johnson or otherwise mention her in response to the present motion. (ECF No. 43).

them on notice of the present Eighth Amendment claims against them. If Plaintiff believed that Nguyen or Parr-Mirza's involvement in processing the Step I grievance violated his rights or was otherwise deficient, he was free to file a grievance against either one of them on that basis. He does not allege that he was thwarted from filing additional grievances or that the MDOC's grievance procedure was unavailable to him.

Plaintiff adds that he was not required to name the present Defendants at Step I because "half the time prisoners don't know the names of who they grieve for multiple reasons." (ECF No. 33, PageID.136). To be sure, when a prisoner is unable to identify the subject of a grievance by name, identifying them by title or position may be sufficient to put them on notice that they are the subject of a grievance. *See Burton v. Kakani*, No. 09–10893, 2009 WL 3101046, at *2 (E.D. Mich. Sept. 23, 2009) (identifying the grievance subjects as "doctor" and "P.A." at Step I sufficient to place them on notice where those individuals were the only individuals in those positions at the plaintiff's institution at the time of the events in question); *see also Harrington v. Smolinski,* No. 1:05-CV-688, 2006 WL 549383, at *3 (W.D. Mich. 2006) ("Although Plaintiff did not mention Defendant Smolinski by name, he sufficiently identified her by the title of 'Classification Director.'").

In contrast here, the Step I grievance does not contain identifying information that would place the individual on notice that she was being grieved, e.g., title, age, height, or race. Aside from naming one individual who is not a party to this motion, the grievance does not identify the present Defendants by name, appearance, position, or in any other manner that would put them on notice of the claims against them. Plaintiff's argument is further undermined by the fact that the Step I grievance response includes the names of

both Nguyen and Parr-Mirza. Assuming that Plaintiff believed that his access to proper care was being stymied by these individuals, he could have re-submitted the original grievance naming these Defendants or submitted a second grievance regarding their failure to address his health concerns in response to the grievance. He did neither.

Plaintiff's more generalized argument that he was not required to exhaust his administrative remedies before filing suit is also without merit. (ECF No. 43, PageID.136) (citing *Jones v. Bock*, 549 U.S. 199 (2007)). In *Jones,* the Court found that an *older* version of MDOC's grievance policy that did not require that all defendants be named at Step I of a grievance. *Id.* at 201. However, since *Jones,* the MDOC has amended its grievance policy to explicitly require a grievant to name the subject of his/her complaint at Step I. The MDOC's exhaustion requirements have been repeatedly endorsed by the Sixth Circuit. "A prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Jones*, 549 U.S. at 217–19) (under MDOC grievance policy, the prison "does not exhaust his administrative remedies . . . when he does not specify the names of each person from whom he seeks relief"); *see also Hall v. Warren*, 443 F. App'x 99, 106 (6th Cir. 2011) ("A plaintiff generally fails to exhaust administrative remedies by failing to include an official's name in a grievance if it is required by the applicable grievance procedures.") (internal citations omitted).

Because Plaintiff has not exhausted his administrative claims against Johnson, Nguyen, or Parr-Mirza, and it is without dispute that he was required to do so before filing suit, dismissal of the claims against these Defendants without prejudice is appropriate. *See*

*Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006) ("[T]he appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice.").

### E. Conclusion

Therefore, **I RECOMMEND** that the Court **GRANT** Defendants Teri Johnson, Emily Nguyen, and Erin Parr-Mirza's Motion to Dismiss and for Summary Judgment on the Basis of Exhaustion dismissing all claims against them **WITHOUT PREJUDICE** based on Plaintiff's failure to exhaust his administrative remedies before filing suit. (ECF No. 27).

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 21, 2022                    S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge