UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMIAH JACKSON,

    *Plaintiff,*

v.

JULIANA MARTINO,
EMILY NGUYEN,
ERIN PARR-MIRZA,
DR. HAROLD OBIAKAR,
TERI JOHNSON,
OFFICER VEALT,
OFFICER ITAO, and
OFFICER JEFFERSON,

    *Defendants*.

_____/

CASE NO. 2:22-cv-10161

HON. SEAN F. COX
DISTRICT JUDGE

HON. PATRICIA T. MORRIS
MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS HAROLD OBIAKOR, M.D. AND JULIANA MARTINO'S MOTION FOR SUMMARY JUDGMENT**
**(ECF No. 39)**

I. **RECOMMENDATION**

For the following reasons, **I RECOMMEND** that the Court **GRANT IN PART and DENY IN PART** Defendants' motion for summary judgment for failure to exhaust administrative remedies (ECF No. 39), granting the motion as to Defendant Harold Obiakor, M.D. and dismissing the claims against him **WITHOUT**

**PREJUDICE**.  I further recommend that the motion for summary judgment be **DENIED** as to Juliana Martino, N.P.

## II.  REPORT

### A.  Introduction

This is a prisoner civil rights case brought under 42 U.S.C. § 1983.  On January 3, 2022, Plaintiff filed a complaint in the Western District of Michigan alleging violations of the Eighth Amendment related to his medical care while housed at the Macomb Correctional Facility ("MRF") in Lenox, Michigan.  On January 26, 2022, the case was transferred to this Court.  (ECF No. 1).

Plaintiff makes the following allegations.  In "early" 2020 while incarcerated at MRF, he underwent a hip replacement.[1]  (ECF No. 1, PageID.4).  Soon after the replacement surgery, he received a "medical detail" for a bottom bunk, limited mobility, air mattress, special shoes, and a cane.  (*Id*.)  However, upon returning to MRF, medical staff failed to provide adequate treatment for pain and denied him special shoes/shoe inserts, an air mattress, and placement in MRF's handicap unit.  (*Id*. at PageID.5).  Between April 2020 and January 2021, he sent a total of 13 kites regarding his lack of medical care and/or prescribed medical detail but was either "placed on the waiting list" or told that "nothing could be done for [him]." (*Id*.)

---

[1] Grievance records state that the hip replacement surgery was performed on February 10, 2020.  (ECF No. 39-1, PageID.204).

Plaintiff states that on June 12, 2020, he submitted a Step I grievance complaining that since returning to MRF following surgery, he had not received any follow-up treatment. (*Id*. at PageID.6). In the same grievance he requested handicap accommodations. (*Id*.) He states that the grievance was denied at Steps I through III of the MDOC grievance procedure. (*Id*.). On January 25, 2021, he submitted a second grievance complaining that a prescribed air mattress was removed from his cell "almost 30 days before" his medical detail was to expire. (*Id*.) Plaintiff seeks monetary damages.

**B.     Summary Judgment Standard**

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a). In reviewing the motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary

judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not ... 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not

sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### C. Exhaustion Under the PLRA

Under the Prison Litigation Reform Act ("PLRA") of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.* at 90.

MDOC Policy Directive ("P.D.") 03.02.130, effective March 18, 2019, prescribes the three-step administrative exhaustion process for grievable matters. At Step I, a prisoner must "attempt to resolve the issue with the staff member involved within two business days" and, if unsuccessful, must file a grievance within five business days. *Id.* at ¶ Q. If the inmate is dissatisfied with the disposition of the grievance, or does not receive a response ten days after the due date, he or she may file a Step II grievance using the appropriate form. *Id.* at ¶ DD. Similarly, if the inmate is dissatisfied with the Step II response or does not receive a response for ten days after the response was due, he or she may file a Step III grievance. *Id.* at ¶ HH.

To be properly exhausted, a defendant must be named at Step I. P.D. 03.02.130, ¶ S provides:

> The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included.

(underscore in original).

### D. Analysis

Defendants Obiakor and Martino argue that Plaintiff failed to exhaust his administrative remedies against them. (ECF No. 39, PageID.198), *citing* (ECF No. 39-1, PageID.205); Grievance Identifier MRF 20-06-1156-27z.

Plaintiff's response to the present motion states that he "concedes and voluntarily dismisses Defendants Obiakar" and three other unexhausted individuals not party to the present motion. (ECF No. 48, PageID.260). In contrast, he states that "Defendant Martino was correctly and sufficiently named as depriving [him] of medication," proper air mattresses, and the failure to move him to the prison's "handicap unit." (*Id.*)

In reply, Defendants concur with the voluntary dismissal of Dr. Obiakor. (ECF No. 50, PageID.287). As to Defendant Martino, they argue that while the Step I grievance includes Plaintiff's allegation that he "had been denied a timely evaluation and treatment regarding issues related to his hip replacement surgery," it did not include the claims against Defendant Martino found in the complaint. (*Id.*)

#### 1. Dr. Obiakor

My own review of the grievance in question confirms that the claims against Dr. Obiakor are not exhausted. Plaintiff's June 1, 2020 Step I submission to Grievance Identifier MRF 20-06-1156-27Z ("MRF-1156") states that he sent

multiple kites to MRF's medical staff seeking treatment and accommodations for ongoing symptoms following the hip replacement. (ECF No. 27-3, PageID.112). Dr. Obiakor is not named at Step I of MRF-1156. Plaintiff has thus failed to include the "who" of the "who, what, when, where, why" requirements for a Step I grievance. *See* MDOC P.D. 03.02.130, ¶ S, *above* (a Step I grievance submission must include "[d]ates, times, places, and names of all those involved in the issue being grieved . . ."). Aside from Plaintiff's request to dismiss Dr. Obiakor, the failure to exhaust the claims against this him mandates dismissal of this claim.

### 2. Martino, N.P.

Plaintiff's Step I grievance names Defendant Martino, and reads as follows:

> Since I've been back from surgery I been trying to get seen by Martino cause she been seeing me. Medical comes back saying its an appointment set up and as of …( )-12-20.[2] I was called to medical and was told once again that a appointment has been set. I'm in pain and been back going on two months now and still haven't got any help. I've ask to get a . . . two mats until … and ask about being moved to 3 block cause there is a ramp in that unit and its very hard for me to get up and down the stairs because of my hip replacement surgery. I have medical issues and need help with them. I do thank you for your help and time.

(ECF No. 39-1, PageID.205).

Defendants concede that the grievance was taken to all three steps of the grievance procedure and denied on the merits. (ECF No. 50, PageID.287). They argue, however, that "Plaintiff offers no explanation as to *how* he exhausted his claim

---

[2] Ellipses reflect unreadable sections of the Step I grievance.

against [N.P.] Martino." (*Id*.) (emphasis in original). They quote MDOC Policy Directive 03.02.130 ¶ S ("Dates, times, places, *and names of all those involved in the issue being grieved are to be included*) (emphasis in original) and cite three cases where the defendant(s) was not named at Step I of the grievance. (*Id*. at PageID.287-288) (citing *Sullivan v. Kasajaru*, 316 Fed. App'x 469, 470 (6th Cir. 2009); *Moorer v. Price*, 83 Fed. App'x 770,772 (6th Cir. 2003); *Sanders v. Bachus*, No. 1:07-360, 2009 WL 4796739, at *5 (W.D. Mich. Dec. 9, 2009). Defendants' citation to these cases is perplexing, given that in each of the three, the defendants were dismissed because they were unnamed at Step I of the grievance. Of course, in contrast here, Plaintiff specifically named Martino in his Step I grievance.

Defendants further argue that "[p]roper exhaustion requires the Plaintiff to have grieved the specific issues raised in his lawsuit," and that "[t]he grievance records show that Plaintiff only exhausted one medical claim relating to not being timely scheduled for an appointment on June 1, 2020. That is not one of the issues presented in Plaintiff's complaint." (ECF No. 39, PageID.198). In the reply brief, Defendants add, "Grievance 1156 claims on June 1, 2020 Plaintiff had been denied a timely evaluation and treatment regarding issues related to his hip replacement surgery. It addresses none of Plaintiff's claims against N.P. Martino found in the complaint." (ECF No. 50, PageID.287).

This argument is also unavailing. First, the principle that to exhaust, a grievance must relate to the same claim raised in a lawsuit does not mean that a grievance must articulate a specific legal claim, such as an Eighth Amendment violation. In *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003), abrogated on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007), the Sixth Circuit held:

> Thus, for a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process. In describing the alleged mistreatment or misconduct, however, we would not require a prisoner's grievance to allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory. Rather, it is sufficient for a court to find that a prisoner's Step I problem statement gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint.

*See also Davison v. MacLean*, No. 06-12755, 2007 WL 1520892, *5 (E.D. Mich. May 22, 2007) (Cohn, J.) ("The MDOC policy does not contain a precise description of the necessary degree of factual particularity required of prisoners. Rather, "a grievant need only 'object intelligibly to some asserted shortcoming' and need not 'lay out facts, articulate legal theories, or demand particular relief.'") (quoting *Burton*); *Kennedy v. Curtis*, No. 19-13210, 2021 WL 5104577, at *2 (E.D. Mich. Nov. 3, 2021) (same).[3]

---

[3] Defendant's argument that "[p]roper exhaustion requires the Plaintiff to have grieved *the specific issues* raised in his lawsuit" (ECF No. 39, PageID.198)

In the present case, Plaintiff specifically named Martino in his Step I grievance and complained that he repeatedly was not able to be seen by Martino, his medical provider, and as a result was not being provided with necessary medical treatment and accommodations. Under *Burton*, this was sufficient to give the prison officials fair notice of the *conduct* about which Plaintiff filed the grievance, and it relates factually to the legal claim in the complaint. Defendants would require a level of specificity in Step I grievance unsupported by caselaw.

Defendants' argument is also unsuccessful to the extent they contend that the Complaint does not adequately follow through with the issues set forth in the Step I grievance. The Complaint names Martino and as set forth above, includes the allegations that Plaintiff received inadequate care following the February 2020 hip replacement surgery despite submitting medical kites for examination, pain management, and/or various medical detail on 10 separate occasions between April and November 2020. (ECF No. 1, PageID.2, 4-6). Plaintiff alleges that the kites include an April 4, 2020 request for treatment for ongoing hip pain and an April 10, 2020 request for a post-surgical examination of the hip replacement performed two

---

(emphasis added) is contrary to holding of *Burton v. Jones*. A plaintiff is to include sufficient facts (not issues) to put prison officials on notice. In *Ford v. Martin*, 49 F. App'x 584 (6th Cir. 2002), which Defendant cites, the Court found non-exhaustion based on a discrepancy between the grievance and the complaint, but did not set forth the contents of the grievance. *Ford* therefore has no bearing on the present case, where the "shortcomings" set forth in Plaintiff's grievance clearly form the basis of the civil complaint.

months earlier. (*Id*. at PageID.5). Plaintiff's allegation that Martino's failure to provide timely or efficacious treatment resulted in an Eighth Amendment violation is sufficiently related to his grievance against her.

In summary, because Plaintiff did not exhaust his claims against Dr. Obiakor, dismissal of the claims against this Defendant is appropriate. *See Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006) ("[T]he appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice."). In contrast, because Plaintiff adequately articulated his claims against Martino in the Step I grievance, the motion for summary judgment on the basis of exhaustion should be denied as to her.

### E. Conclusion

Therefore, **I RECOMMEND** that the Court **GRANT IN PART and DENY IN PART** Defendants' motion for summary judgment for failure to exhaust administrative remedies (ECF No. 27), granting the motion as to Defendant Harold Obiakor, M.D. and dismissing the claims against him **WITHOUT PREJUDICE**. I further recommend that the motion for summary judgment be **DENIED** as to Juliana Martino, N.P.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may

serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 8, 2022	S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge