UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMIAH JACKSON,

    Plaintiff,

v.                                                            Case No. 22-10161

JULIANA MARTINO, *et al.*,                Sean F. Cox
                                                              United States District Court Judge
    Defendants.
_____/

**<u>ORDER ADOPTING 11/8/22 REPORT AND RECOMMENDATION
AND GRANTING SUMMARY JUDGMENT IN PART</u>**

Acting *pro se*, Plaintiff Jeremiah Jackson ("Plaintiff") filed this prisoner civil rights action under 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis*, which was granted on February 28, 2022.

Because Plaintiff is proceeding *in forma pauperis*, the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted.").

On March 7, 2022, this Court issued an Opinion and Order of Partial Summary Dismissal, ruling as follows:

> For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to his due process and discrimination claims under the Fourteenth Amendment, as well as any claims concerning the denial of his grievances. Accordingly, the Court **DISMISSES** those claims from this action. The Court also concludes

1

    that the defendants are entitled to Eleventh Amendment immunity. Accordingly, the Court **DISMISSES** Plaintiff's claims for monetary damages and non-prospective injunctive relief against the defendants in their official capacities.
    The Court further concludes that Plaintiff's claims concerning his medical care and accommodation state potential claims for relief under the Eighth Amendment, survive the Court's initial screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A, and are not subject to dismissal at this time.
    Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

(ECF No. 8 at 6).

On March 22, 2022, this Court referred this matter to Magistrate Judge Patricia T. Morris for all pretrial proceedings.

On July 29, 2022, Defendants Juliana Martino and Dr. Harold Obiakor[1] filed a "Motion For Summary Judgment Based Solely On The Failure To Exhaust Administrative Remedies." (ECF No. 39).

On November 8, 2022, Magistrate Judge Morris issued a Report and Recommendation ("R&R") wherein she recommends that the Court grant the motion in part and deny it in part. More precisely, she recommends that the Court grant the motion as to Defendant Obiakor, dismissing the claims against him without prejudice for failure to exhaust. She recommends that the Court deny the motion as to Defendant Martino, leaving the claims against her to proceed.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. The district judge to whom the case is assigned reviews those objections, and any response to the objections from the opposing party. "The district judge

---

[1] Plaintiff's Complaint spells this Defendant's last name as Obiakar but the Defendant himself spells it Obiakor. (*See* ECF No. 39 at 1).

2

may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Plaintiff has not filed any objections to the R&R and the time permitted for doing so has passed. Thus, the Court adopts the magistrate judge's recommendation[2] that Plaintiff's claims against Defendant Obiakor be dismissed without prejudice for failure to exhaust.

Defendant Martino filed timely objections to the R&R on November 22, 2022. Martino asserts that Magistrate Judge[3] Morris's R&R "concluded, *based solely on N.P. Martino being named in Grievance 1565,* that Grievance 1156 exhausted Plaintiff's administrative remedies as to the specific issues and wrongdoing alleged against N.P. Martino. This finding is in complete contradiction with the case law on exhaustion." (Def. Martino's Objs. at 2) (emphasis added).

That is simply not the case. The magistrate judge, of course, noted that Defendant Martino was named in the grievance. That fact was highlighted by her because Martino relied on several cases wherein defendants were dismissed because they were *unnamed* at Step I of the grievance. Thus, Magistrate Judge Morris emphasized that, in contrast to those cases, Martino was specifically named in the grievance at issue here. (R&R at 9).

---

[2] Moreover, as noted in the R&R, in responding to the motion, Plaintiff conceded that Defendant Obiakor should be dismissed from the action for failure to exhaust.

[3] Defendant Martino misidentifies Magistrate Judge Morris as "Magistrate Morris" in her objections. (ECF No. 62 at 1 & 2). The title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, § 321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge.") The parties are reminded to use the correct title, in the future, when referring to Magistrate Judge Morris.

And contrary to Martino's objections, the magistrate judge's analysis was not based solely on the fact that Martino was named in the grievance. Magistrate Judge Morris went further in her exhaustion analysis and explained why she concluded that the grievance gave fair notice of Martino's alleged conduct that was the subject of the grievance. (*See, eg.*, R&R at 11) ("In the present case, Plaintiff specifically named Martino in his Step I grievance and complained that he repeatedly was not able to be seen by Martino, his medical provider, and as a result was not being provided with necessary medical treatment and accommodations. Under *Burton*, this was sufficient to give the prison officials fair notice of the *conduct* about which Plaintiff filed the grievance, and it relates factually to the legal claim in the complaint."). The Court concurs with her analysis and finds Defendant Martino's objections to the R&R without merit.

Accordingly, the Court **OVERRULES** Defendant Martino's Objections and **ADOPTS** Magistrate Judge Morris's November 8, 2022 R&R. The Court **FURTHER ORDERS** that the summary judgment motion filed by Defendants Obiakor and Martino is **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** to the extent that Plaintiff's claims against Defendant Obiakor are **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST**. The motion is **DENIED** in all other respects.

    **IT IS SO ORDERED.**

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated:  December 12, 2022